UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CATHERINE B. COLON, o/b/o
LUIS COLON, JR. (Deceased),

    Plaintiff,

vs.                                            CASE NO. 8:08-cv-1191-T-17TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income disability payments (SSI). 42 U.S.C. § 405(g). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #14, P's Brief).[2] Defendant filed his brief in support of the decision to deny disability benefits (Doc. #15, D's Brief). The Commissioner has filed the transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). The parties did not consent to the exercise of jurisdiction by a magistrate judge and the case has been referred to the undersigned for

---

[1]Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2]Although Catherine B. Colon has been substituted as the plaintiff in this action due to the death of her spouse, throughout this Report and Recommendation references to "Plaintiff" shall be to the original Plaintiff, Mr. Luis Colon, Jr.

a report and recommendation .

The Court has reviewed the record and has given it due consideration in its entirety, including arguments presented by the parties in their briefs and materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the undersigned **recommends the Commissioner's decision be AFFIRMED.**

## PROCEDURAL HISTORY

In the instant action, Plaintiff filed applications for DIB and SSI disability payments on or about February 16, 2005 (Tr. 65-67, 435-36). Plaintiff originally alleged an onset of disability of February 16, 2004, which was later amended to September 16, 2005 (Tr. 467). Plaintiff's applications were denied initially and upon reconsideration. Thereafter, Plaintiff requested an administrative hearing, which was ultimately held on October 30, 2007, in Orlando, Florida with administrative law judge (ALJ) Philip Wright appearing via video from Charleston, South Carolina (Tr. 464-78). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Walter E. Todorowski. Plaintiff was represented by attorney Rena Fazio during the underlying proceedings (Tr. 11, 23, 464). Subsequent to the administrative hearing, but prior to the issuance of the hearing decision, Plaintiff Luis Colon, Jr. was hit by an automobile and died on November 4, 2007 (Tr. 69-70). Plaintiff's spouse, Catherine B. Colon, has been substituted as the plaintiff to this action (Tr. 69-70). ALJ Wright issued a hearing decision denying Plaintiff's claims for DIB and SSI payments

on December 31, 2007 (Tr. 9-20).

Plaintiff submitted additional evidence and requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 4-7), making the hearing decision the final decision of the Commissioner. Plaintiff's current counsel of record, Mr. Richard A. Culbertson, Esq., filed the instant action in federal court on June 19, 2008 (Doc. #1).

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. §§ 404.1505, 416.905.[3] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability insurance benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found Plaintiff met the Social Security Act's insured status requirements through March 31, 2009 (Tr. 14, 53). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended

---

[3]Unless otherwise specified, all references to 20 C.F.R. will be to the 2008 edition.

disability onset date of September 16, 2005 (Tr. 14). At step two, the ALJ found Plaintiff had a severe combination of impairments that were identified as "status motor vehicle accident resulting in closed-head injury, left segmented tibia fracture, left anterior cruciate ligament tear and lacerations and an affective disorder" (Tr. 14). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14).

The ALJ assessed Plaintiff had the residual functional capacity (RFC) "to lift 50 pounds occasionally and 10 pounds frequently and sit, stand, or walk for six hours in an eight-hour workday" (Tr. 17). The ALJ further found Plaintiff's "affective disorder and anxiety-related disorder have resulted in mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace without repeated episodes of decompensation" (Tr. 17). At step four, the ALJ determined Plaintiff could return to his past relevant work (PRW) as a gas station attendant (Tr. 20), and thus found Plaintiff was not disabled within the meaning of the Social Security Act.

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would

accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## BACKGROUND AND ANALYSIS

Plaintiff, who was born July 2, 1974 (Tr. 37), was thirty-three (33) years old at the time of the administrative hearing. According to the evidence of record, Plaintiff completed either the seventh, eighth or ninth grade (*see* Tr. 82, 140, 158, 341) and has past relevant work as a machine operator, an auto parts store cashier and a gas station attendant (Tr. 82-91). In the Function Report-Adult completed by Plaintiff on May 10, 2005, Plaintiff

stated that as a result of an auto accident at age seven, he suffers from back, leg and arm pain, needs to rest after walking longer than thirty minutes, and often needs to be reminded to eat and sleep (Tr. 92-99). Subsequent to Plaintiff's applications for disability and his completion of the function report, Plaintiff was involved in an automobile accident on September 16, 2005 (*see generally*, Tr. 151-261). In this accident, Plaintiff was struck by a vehicle while riding his bicycle, suffered acute injuries, was hospitalized for eight days and then discharged to the care of his sister (*see* Tr. 151-53). Plaintiff's amended disability onset date coincides with the date of this accident (Tr. 467).

Plaintiff raises two primary issues on appeal. First, Plaintiff contends the ALJ did not apply the correct legal standards in finding Plaintiff could return to his past relevant work as a gas station attendant (P's Brief at 9-14). In this regard, Plaintiff argues the ALJ made three errors in evaluating whether he could perform his past work. Plaintiff asserts the ALJ failed to determine what impact his moderate difficulties in maintaining concentration, persistence or pace had on his ability to perform the duties of a gas station attendant (P's Brief at 10). Plaintiff also complains the ALJ did not consider the side effects of his medications on his ability to work (P's Brief at 10-13). Lastly, Plaintiff claims the ALJ relied on non-existent vocational testimony to determine he could return to his past work (P's Brief at 12-13). As to his second issue, Plaintiff argues the Appeals Council did not apply the correct legal standards in denying the request for review (P's Brief at 14-17).

Defendant responds that the ALJ's decision applied the correct legal standards, and is supported by substantial evidence (D's Brief at 3-12). More specifically, Defendant asserts the ALJ correctly made specific findings on the physical and mental demands of Plaintiff's past work as a gas station attendant as Plaintiff performed the work and any

6

mistaken reference to something the vocational expert did not say is harmless error (*see, e.g.*, D's Brief at 6-8). Defendant asserts the evidence of record fails to show Plaintiff had any significant problems with side effects from his medications and contends the decision of the Appeals Council to deny review was based on all the evidence as a whole (D's Brief at 10-13). Defendant further claims the additional evidence Plaintiff submitted to the AC was not material as the Plaintiff merely listed possible side effects of medications while never showing he actually experienced those side effects (D's Brief at 13-14).

The Court will address the issues as raised.

## Asserted Step 4 Error

Plaintiff first contends the ALJ failed to determine the impact of Plaintiff's moderate difficulty in maintaining concentration on his past work as a gas station attendant (P's Brief at 10). At the hearing, the VE testified the position of gas station attendant was "a medium duty occupation, semi-skilled with a SVP of 3" (Tr. 471). This job is identified in the *Dictionary of Occupational Titles* (DOT) under classification number 915.467-010.[4] The DOT specifies that in addition to fueling vehicles, gas station attendants may check and refill oil and water, wash windshields, replace vehicle filters and lights, change spark plugs, collect payments, sell vehicle accessories, assist in arranging displays, take inventory and have daily reporting duties. *See* I United States Dep't of Labor, *Dictionary of Occupational Titles* § 915.467-010; II United States Dep't of Labor, *Dictionary of Occupational Titles*, Appx. C (4th ed. 1991) (Automobile-Service Station Attendant).

---

[4]The references to "DOT" are short form citations to the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991). The Commissioner has taken administrative notice of the reliability of job information provided in the DOT. *See* 20 C.F.R. §§ 404.1566(d), 416.966(d).

7

It is the job of this Court to ensure the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and to ensure the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). It is well established in the Eleventh Circuit that an ALJ is not required to specifically refer to every piece of evidence used in making his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

While the DOT incorporates such duties as light service work and retail sales into the gas station attendant position, the evidence of record shows Plaintiff's past responsibilities as a gas station attendant were limited to pumping gas and cleaning windshields (Tr. 86-88, 468). In Plaintiff's work history report dated April 7, 2005, Plaintiff noted working at a gas station three separate times and in each instance recorded that his only responsibilities were to pump gas and clean windshields (Tr. 85-91). Plaintiff specifically testified that as a gas station attendant all he did was "[j]ust pump gas" (Tr. 468). Further, when asked by the ALJ what "problems" prevented him from returning to his prior work as either a gas station attendant or an auto parts cashier, Plaintiff only referred to his physical problems with lifting and remaining on his feet as limiting his ability to return to that work (Tr. 476). Plaintiff did not testify any mental limitation inhibited his ability to work (Tr. 468-70, 472-76).

A plaintiff may be found able to return to his PRW if he can perform the duties and meet the physical demands of the occupation as he practiced it in his specific past position or if he is able to meet the demands of the kind of work he has done in the past. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986); *Villarreal v. Apfel*, No. Civ. A. 99-0582-RV-

S, 2000 WL 1135547 (S.D. Ala. Jul. 13, 200); SSR 82-61. In reaching his decision in this case, the ALJ determined the Plaintiff could return to work as a gas station attendant "as actually and generally performed" (Tr. 20).

The record was fully developed on Plaintiff's past relevant work as he performed those jobs. Plaintiff recorded on his work history report that his work as a gas station attendant did not include any use of machines, tools or equipment, or any writing or completion of reports, or any technical knowledge or skills, or any supervisory responsibilities (Tr. 86-88). Substantial evidence supports the ALJ's finding that Plaintiff could return to his PRW as a gas station attendant as performed. This finding is not inconsistent with the ALJ's finding Plaintiff had moderate concentration difficulties, as that impairment does not preclude Plaintiff's ability to perform his past relevant work.

Plaintiff also contends the ALJ did not consider the side effects of Plaintiff's medications on his PRW as required by law (P's Brief at 11). As support for this proposition, Plaintiff cites to Cowart v. Schweiker, 662 F.2d 731 (11th Cir. 1981) in alleging the ALJ erred by failing to make findings regarding the side effects of Plaintiff's medications (see generally, P's Brief).

As an initial matter, the Court finds the instant case is distinguishable from Cowart in at least two key areas. In Cowart, the plaintiff affirmatively claimed side effects from her medications affected her in a way that made her disabled or at least possibly disabled, and Cowart was unrepresented at the administrative hearing. Id. In distinguishing Cowart, the Eleventh Circuit has held:

> where an unrepresented claimant's hearing testimony raises a question as to the side-effects of medications, the ALJ has the special duty to elicit further testimony or otherwise make a finding in regard to such side-effects.

9

In contrast, where a represented claimant makes a similar statement, but does not otherwise allege that the side-effects contribute to the alleged disability, the ALJ does not err in failing to inquire further into possible side-effects.

*Pilnick v. Commissioner of Social Security*, No. 07-11789, 2007 WL 3122168, at *1 (11th Cir. Oct. 26, 2007) (per curiam) (internal quotations and citations omitted).[5] In the instant case, Plaintiff was represented by legal counsel at the administrative hearing and Plaintiff did not testify or otherwise satisfy his burden of establishing side effects of his medications were disabling.

At the hearing, Plaintiff provided no testimony regarding his medications or their alleged side effects (Tr. 464-78) At the beginning of the hearing, Plaintiff's attorney submitted a list of "current medications that Mr. Colon takes and listing their side effects" (Tr. 468).[6] Yet, when the ALJ asked Plaintiff to describe what problems preventing him from returning to his prior work, Plaintiff did not complain of any medication side effects (Tr. 468, 476). Plaintiff testified only to his physical problems with lifting and remaining on his feet as problems that prevented him from returning to work (Tr. 476).

Although the ALJ did not explicitly discuss medication side effects throughout the body of his decision, the ALJ's decision reveals he was aware of and considered the ten

---

[5]Unpublished opinions may be cited throughout this Report and Recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Unpublished opinions may be cited as persuasive authority pursuant to 11th Cir. R. 36-2. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.

[6]The Court notes that ten medications are listed on the type-written list, but that one medication is listed twice; first identified as Paroxetine, which is the generic name, and then identified as Paxil, which is the name-brand name for the same drug (Tr. 128; *see also*, Plaintiff's additional evidence submitted to AC at Tr. 455).

10

medications Plaintiff was taking, including the alleged side effects, when he rendered his decision (*see* Tr. 18). The medical evidence of record in this case fails to show Plaintiff had any significant problems with side effects from his medications. In fact, there are no reports of Plaintiff complaining of side effects from his medications to his treating physicians or his mental health counselors. When reviewing his medications with medical personnel at Peace River Center Community Mental Health Organization on April 26, 2006, Plaintiff reported no side effects from six medications he was taking as prescribed (Tr.331). Although Plaintiff reported side effects from eight of the ten medications on the list submitted during the October 30, 2007 hearing (*see* Tr. 128), he did not report side effects from at least half of those same medications reported during the April 26, 2006 assessment (*see* Tr. 331). On June 18, 2007, Plaintiff completed a Disability Report-Appeal, in which he recorded taking six medications and noted side effects from three of the six (Tr. 124). In August of 2005, Plaintiff completed a Disability Report-Appeal, in which he recorded taking three medications with no side effects (Tr. 113-20).

Having reviewed the ALJ's decision and the record evidence, including the testimony at the administrative hearing, the undersigned finds Plaintiff's complaint of reversible error from the ALJ's failure to consider the medication side effects is without merit. Plaintiff has not met his burden of producing evidence to support a claim that medication side effects were disabling or interfered in Plaintiff's ability to work. While the ALJ has a basic duty to develop a full and fair record, the claimant bears the burden of proving disability and is responsible for producing evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Plaintiff also alleges the ALJ erred in finding Plaintiff could return to his past relevant

work based on testimony of the vocational expert, when in fact the vocational expert did not testify "to any such thing" (P's Brief at 12-12). Here the Court agrees with Plaintiff that in the decision to deny disability benefits the ALJ misstated the content of the vocational expert's testimony (*see* Tr. 20). Defendant argues that although the ALJ mistakenly stated the VE testified Plaintiff could perform his past relevant work in light of his residual functional capacity, the misstatement is harmless error (D's Brief at 8). On the matter of harmless error, the Court agrees with Defendant.

Plaintiff argues the ALJ's step four determination that Plaintiff could return to his PRW should be reversed as the ALJ based his finding on a mistaken assumption that the VE testified Plaintiff could return to his past work under the assessed RFC (P's Brief at 12-14). As noted earlier, the burden of proof remains with the individual claiming disability. Plaintiff must demonstrate through the evidence presented that he cannot perform his PRW either as he performed it or as it is generally performed in the national economy. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). In this instance, the ALJ obtained information on Plaintiff's prior work both as Plaintiff performed it and as it is performed in the general economy.

Apparently in an abundance of caution, the ALJ elicited vocational testimony at step four to obtain information on the Plaintiff's past occupations. While the Regulations specifically provide for the utilization of a vocational expert in making the determination of whether a claimant can return to prior work, use of a vocational expert at step four is purely discretionary. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Here, the VE categorized Plaintiff's past relevant work and testified as to the physical and mental requirements of the noted jobs (Tr. 471). In making his findings, the ALJ misstated the content of the VE's

testimony (Tr. 20).

Various courts, including this one, have addressed harmless error with their findings. In *Diorio v. Heckler*, 721 F.2d 726 (11th Cir. 1983), the court found harmless error when the ALJ made erroneous statements of fact, but applied the proper legal standard when considering the vocational factors in application of the GRIDS. *Id.* at 728. In *Wright v. Barnhart*, 153 Fed.Appx. 678 (11th Cir. 2005), the court noted although the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and normally failure to do so is reversible error, such failure was harmless error when correct application of the Regulations would not contradict the ALJ's ultimate findings. *Id.* at 684. This Court found harmless error when the ALJ failed to discuss a treating physician's opinion, but even giving controlling weight to the opinion would not have changed the outcome. *Parton v. Astrue*, No. 3:07-cv-63-J-TEM, 2008 WL 897094 (M.D. Fla. Mar. 31, 2008).

In *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989), the court found no principle of administrative law or common sense requires remand in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result. In *Ward v. Commissioner of Social Security*, 211 F.3d 652, 656 (1st Cir. 2000), the court held that while an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise.

Following the ALJ's misstatement of the VE's testimony, the ALJ stated his decision was made "in comparing the claimant's residual functional capacity with the physical and mental demands of this work" (Tr. 20). Thus, the ALJ's decision that Plaintiff could return

13

to his work as a gas station attendant did not rely exclusively on his mistaken recollection of the VE's testimony. The ALJ found Plaintiff retained the RFC to lift fifty pounds occasionally, ten pounds frequently, and Plaintiff's affective and anxiety-related disorders resulted in mild restrictions of daily living, mild difficulties in social functioning and moderate difficulties in maintaining concentration (Tr. 17). Plaintiff's exertional limitations fall within the medium work category, with some restriction.[7] The level three reasoning for the occupation of gas station attendant requires only the application of commonsense understanding and the ability to deal with problems involving concrete variables or standardized situations. *See* I United States Dep't of Labor, *Dictionary of Occupational Titles* § 915.467-010; II United States Dep't of Labor, *Dictionary of Occupational Titles*, Appx. C (4th ed. 1991) (Automobile-Service Station Attendant). This reasoning level is not beyond the mental limitations assessed in Plaintiff's RFC.

As discussed above, if a plaintiff can perform the duties and meet the physical demands of the occupation as he practiced it in his specific past position, he can be found able to return to that occupation. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986); SSR 82-61. While the DOT incorporates such duties as light service work and sales into calculating the requirements for the gas station attendant position, Plaintiff asserts his last three employments as a gas station attendant only required him to pump gas (Tr. 468).

The Court finds, while the ALJ did misstate the testimony of the VE, substantial evidence supports his finding that the Plaintiff could return to his PRW as performed.

---

[7]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, the Commissioner determines that he or she can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

Thus, remand for the cited misstatement would not change the outcome of the case and would be an empty exercise.

## The Appeals Council Review

Plaintiff alleges the AC improperly denied review of his claims, notwithstanding the "new and material" evidence submitted (P's Brief at 20). Defendant argues the AC considered the additional evidence and properly decided the submitted evidence showed no deterioration in Plaintiff's condition through the date of the ALJ's decision (D's Brief at 12-14). Thus, Defendant contends the AC properly found no reason to review the ALJ's decision (D's Brief at 13-14).

Evidence first submitted to the Appeals Council will be reviewed by the Court when determining the correctness of the AC decision to deny review. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261-67 (11th Cir. 2007); *see also Falge v. Apfel*, 150 F.3d 1320, 1323-24 (11th Cir. 1998). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotations omitted).

Here, the AC incorporated the additional evidence submitted by the Plaintiff into the record (*see* Tr. 7, 437-61). However, upon its consideration of the evidence the AC determined there was no basis to change the ALJ's decision (Tr. 4-7). The submitted evidence consists of pharmacy information sheets (Plaintiff's term) outlining instructions, dosages, precautions, warnings, and possible side effects for seven (7) medications the

Plaintiff was taking prior to the ALJ's decision (Tr. 437-61).[8] While this evidence is chronologically relevant, the Court does not find the documents are new evidence as contemplated by *Ingram*.

In *Sherrod v. Chater*, 74 F.3d 243 (11th Cir. 1996), the court indicated that only evidence unavailable at the administrative level is deemed to be new evidence for consideration by the district court when reviewing the case for a sentence six remand. *Id.* at 246. At least one district in the Eleventh Circuit has held that evidence available before the administrative hearing does not constitute new evidence. *Butler v. Barnhart*, 347 F. Supp. 2d 1116, 1124 (M.D. Ala. 2003).

None of the drugs identified on the October 30, 2007 information sheet appear to be newly developed drugs, for which information may not have been available prior to the administrative hearing. In fact, the prescription and non-prescription medications are noted by the undersigned as among the drugs frequently seen in the medical records of disability claimants. Here, not only were information sheets on the named drugs available at the time of the administrative proceedings, the submitted documents covered no new medications, only medications which had been previously disclosed to the ALJ at the hearing (Tr. 128). Plaintiff contends this evidence is new as it was not available to the ALJ at the time of his decision (*see* Tr. 438). However, failing to produce available evidence to the ALJ does not transform the evidence into something new and material. *See Butler*,

---

[8]Information was provided for the following medications: Ibuprofen, Gabapentin (Neurontin), Divalproex (Depakote), Cyclobenzaprine (Flexeril), Tramadol (Ultram), Amitriptyline and Paroxetine (Paxil) (Tr. 438B-461). Plaintiff did not submit pharmacy information sheets for the medications Trazodone and Lorazepan, which he noted as taking on the medication sheet submitted October 30, 2007 (Tr. 128).

347 F.Supp.2d at 1124-25.

Further, the evidence submitted to the AC was not material as the assertions of side effects were composed of unverified information from the Plaintiff's widow as asserted by Plaintiff's counsel (Tr. 437-61, P's Brief at 14). New evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result. See *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (internal citation omitted). The Court declines to accept pre-printed documents with handwritten underlining as substantial evidence of Plaintiff's alleged side effects from medication he was taking. Any discussion of possible side effects from a prescribed drug does not constitute evidence of side effects actually experienced by Plaintiff.

The Court finds the pharmacy information sheets do not constitute new and material evidence. Further, Plaintiff has failed to demonstrate good cause for the not introducing the evidence sooner. See 42 U.S.C. § 405(g); *see also, Milano*, 809 F.2d at 766-67 (good cause may exist where the evidence did not exist at the time of the administrative hearing); *Butler*, 347 F.Supp.2d at 1124-25. The Court finds no error in the decision of the Appeals Council to deny review after consideration of the newly submitted evidence.

## CONCLUSION

For the reasons stated herein, the undersigned **recommends the Commissioner's decision be AFFIRMED**. The undersigned further recommends each party bear its own fees and costs and the Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of August, 2009.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
All counsel of record
The Hon. Elizabeth A. Kovachevich