UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE B. COLON o/b/o
LUIS COLON, JR. (Deceased)

Plaintiff,

v. CASE NO. 8:08-CV-1191-T-17TEM

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

Defendant.

_______________________/

ORDER

This cause is before the Court on:

Dkt. 19 Report and Recommendation
Dkt. 20 Objection
Dkt. 21 Response

In this case, Plaintiff seeks review of the final decision of the Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits. The assigned Magistrate Judge has entered his Report and Recommendation in which it is recommended that the decision of the Commissioner be affirmed (Dkt. 19).

The Court has independently examined the pleadings, and the Administrative Record ("A.R.")(Dkt. 12). Plaintiff has filed Objections to the Report and Recommendation and renews all arguments previously made (Dkt. 20). Plaintiff's objections include: 1) being "aware of" side effects of medication is not the correct legal standard; 2) the ALJ did not make findings

regarding the effect of prescribed medication on Plaintiff's ability to work as required by Cowart v. Schweiker, 662 F.2d 731, 737 (11th Cir. 1981); 3) Plaintiff is not required to establish good cause for not submitting the additional evidence to the Appeals Council sooner; 4) the evidence submitted to the Appeals Council is new; 5) the evidence submitted to the Appeals Council is material.

## I. Standard of Review

The scope of review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and 2) whether the correct legal standards were applied. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Richardson at 401. The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). However, "despite the deferential standard for review of claims...[the] Court must scrutinize [the] record in its entirety to determine the reasonableness of the decision reached." Bridges v. Bowen, 815 F.2d 622 (11th Cir. 1987).

## II. Discussion

### A. Scrivener's Errors

At the outset, the Court notes that there are some typographical errors in the ALJ's opinion. For example, the

opinion states:

> "At the claimant testified that he was hit by his car while riding his bike." (A.R. 18)

This sentence obviously should have been:

> "At the hearing claimant testified that he was hit by a car while riding his bike."

The presence of such scrivener's errors is unfortunate, but did not create any real confusion when considering the record as a whole.

B. Objections

1. Side Effects of Medication - Incorrect Legal Standard

Plaintiff argues that the ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision. Plaintiff argues that the ALJ did not make any specific findings as to the side effects of medication.

The Court notes that, at the administrative hearing of 10/30/2007, Plaintiff amended the date of onset of disability from 2/16/2004 to 9/16/2005. On 9/16/2005, Plaintiff Luis Colon was involved in a car accident in which Plaintiff sustained a closed head injury, a left ACL tear, a left segmented fibular fracture, and a laceration of the right shoulder (A.R. 156). After the accident, Plaintiff Luis Colon was treated at Orlando Regional Healthcare (A.R. 151-261).

Plaintiff submitted additional evidence and closing argument to the ALJ on 11/16/2007 (A.R. 21). The opinion of the ALJ was entered on 12/31/2007. Additional evidence was submitted to the Appeals Council on 2/28/2008 (A.R. 437).

In steps 1 through 4 of the sequential analysis for determining disability, the burden is on the plaintiff. At step 5, the burden shifts to the Commissioner. The steps are followed in order. If it is determined that a plaintiff is not disabled at a step of the sequential analysis, the analytical process stops at that point.

A disability claimant bears the initial burden of demonstrating an inability to return to past work. Lucas v. Sullivan, 918 F.2d 1567 (11th Cir. 1990). In determining whether a claimant has satisfied this burden, the Commissioner is guided by four factors: 1) objective medical facts and clinical findings; 2) diagnoses of examining physicians; 3) subjective evidence of pain and disability, i.e. the testimony of the claimant and his family or friends; and 4) the claimant's age, education and work history. Tieniber v. Heckler, 720 F.2d 1251 (11th Cir. 1983).

In this case, the sequential analysis proceeded to step 4, then stopped when the ALJ concluded that Plaintiff could return to his past relevant work. Before reaching this analytical step, the ALJ acknowledged that it was necessary to determine Plaintiff's residual functional capacity ("RFC") (A.R. 13).

The ALJ acknowledged the two-step process of determining the presence of medically determinable physical or mental impairments, then determining the extent to which the symptoms limit a claimant's ability to do basic work activities. When statements about the intensity, persistence or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding of credibility of the statements based on the entire record. The ALJ further acknowledged that the ALJ must consider other evidence, in addition to objective medical evidence, when making his credibility determination, including, inter alia, "[t]he type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms." (A.R. 18).

The ALJ found Plaintiff's testimony and subjective statements regarding his pain and limitations credible to the extent of establishing that Plaintiff had a combination of severe impairments, but not fully credible to the extent of establishing that the impairments were so severe as to preclude Plaintiff from performing substantial gainful activity as required under Social Security rules and regulations. The ALJ found Plaintiff's stated symptoms somewhat exaggerated over what would be expected based on the medical findings in the record, applying SSR 96-7p.

In reaching his conclusion as to Plaintiff's credibility, the ALJ considered Plaintiff's testimony, including testimony that Plaintiff experienced side effects of medication. The ALJ accorded some weight to Plaintiff's testimony that Plaintiff took ten medications, and experienced side effects, concluding that Plaintiff had some pain and limitations as a result of

Plaintiff's physical and mental impairments. However, after considering the medical evidence as a whole, the ALJ found that the medical evidence did not substantiate such severe functional limitations that Plaintiff was precluded from all work-related activity. (A.R. 18-19). The ALJ clearly identified why the ALJ did not find Plaintiff's testimony fully credible (A.R. 18-19). Plaintiff's treating physicians performed a number of tests but did not find any underlying condition what would cause the constant pain of which Plaintiff complained.

The "pain standard" applies not only to subjective complaints of pain but also to other limitations, such as fatigue. Jackson v. Bowen, 873 F.2d 1111, 1114 (8th Cir. 1989). In assessing subjective complaints, it is appropriate to consider the entire record, including the frequency and type of medical treatment, the claimant's daily activities, and the claimant's appearance and demeanor at the administrative hearing. Inconsistencies between or among the subjective complaints and other evidence may affect the weight accorded to the subjective evidence.

As to Plaintiff's medication, Plaintiff's medical evidence shows the following:

| Date | Medication | Reference |
|---|---|---|
| 3/31/2005 | Tylenol, aspirin, Motrin | A.R. 75 |
| 8/22/2005 | Naproxen, Lorazepam, Flexeril | A.R. 116 |
| 4/2006 | Trazodone, Paxil | A.R. 319, 320 |
| 4/26/2006 | Paroxetine, Lorazepam, Trazodone, | A.R. 331 |

| | | |
|---|---|---|
| | Tramodol, Acetominophen, Naproxen | |
| 5/23/2006 | Paroxetine, Lorazepam, Trazodone, Tramodol, Naprosyn, Acetominophen | A.R. 341 |
| 6/18/2007 | Trazodone, Tramodol, Paxil, Ativan, Lorazepam, Naproxen | A.R. 124<br>A.R. 346 |
| 7/18/2007 | Neurontin | A.R. 363 |
| 8/10/2007 | Trazodone, Tramodol, Paxil, Lorazepam Ativan | A.R. 409 |
| 9/11/2007 | Trazodone, Tramodol, Paxil, Lorazepam Depakote | A.R. 399<br>A.R. 398 |
| 10/30/2007 | Paroxetine, Amitriptyline, Tramodol, Lorazepam, Ibuprofen, Gabapentin, Trazodone, Depakote, Paxil, Cyclobenzaprine | A.R. 128 |

In Plaintiff's Disability Report of 8/22/2005, Plaintiff does not complain of side effects (A.R. 113-120). In the Disability Report of 6/18/2007, completed by a family member, side effects associated with Trazodone, Tramodol and Paxil are included (A.R. 121-127). On 10/30/2007, the side effects associated with nine of the ten medications are included in the list provided to the ALJ (A.R. 128). The Court notes that there were times when Plaintiff ran out of his medication (A.R. 399, A.R. 422), and has used alcohol (A.R. 422). As of 5/23/2006, Plaintiff denied that alcohol use caused any current problems.

Plaintiff was treated by various medical providers for complaints of leg pain, and depression and anxiety: Dr. Manuel Galceran, Dr. Vigil Mosul, Dr. Fidel Arbolaez, Peace River Center, Winter Haven Hospital, and JayCare Medical Center. The ALJ considered this evidence (A.R. 15-17).

There are observations in the record that Plaintiff Luis Colon's complaints were disproportionate to the objective data (A.R. 148, A.R. 262, A.R. 276). Plaintiff Colon reported financial problems (A.R. 406), and Plaintiff's goal of obtaining disability benefits (A.R. 337) to medical providers.

At the administrative hearing, when the ALJ asked Plaintiff Luis Colon what his problems would be in returning to work as a gas station attendant or counter cashier, Plaintiff Colon mentioned only hand and back problems, inability to pick up heavy objects, and constant leg pain (A.R. 469-470), and did not mention any problem with sleepiness, fatigue or any other side effect related to the medication Plaintiff took daily.

Plaintiff's counsel brought a list of current medications, with their side effects, to the administrative hearing. In closing argument, Plaintiff's counsel stated only that Plaintiff testified he has to take naps in the afternoon as a result of all his medication. (A.R. 22).

As to Plaintiff's complaints of constant leg pain, the ALJ understood Plaintiff's testimony to be that Plaintiff needs an assistive device to walk, and cannot be on his feet for extended periods of time (A.R. 477). The Court notes that medical imaging reports of Plaintiff's left leg taken on 9/11/2007 were essentially normal, showing a healed fracture (A.R. 371, 372). The medical records as a whole do not support Plaintiff's testimony that Plaintiff Colon required an assistive device to walk.

At the hearing, the ALJ summarized his understanding of the claim:

> "The argument basically is a combination of the injuries plus the combination of the resulting depression and problems that has been exemplified by a recent decline in GAF...would preclude the Claimant from all work...You are making an argument under 96.8p, 96.9p, is that correct?"
>
> ATTY: Yes, sir....

(A.R. 470-471).

It is the ALJ's role to assess credibility and resolve conflicts in the evidence. In this case, the ALJ assessed Plaintiff's credibility and resolved conflicts in the evidence adversely to Plaintiff. In the Report and Recommendation, in pointing out where the record evidence shows a conflict between Plaintiff's claim that he suffered from side effects of medications severe enough to disable Plaintiff from working, and other evidence, the Court underscores that the opinion of the ALJ is supported by substantial evidence in the record as a whole. The Court notes that there is very little testimony in the record concerning side effects of medication by Plaintiff himself, and much more testimony about constant pain. Yet, in looking at medical records of examinations, medical providers saw Plaintiff's normal gait and no acute distress (A.R. 368, 369).

The Court finds that the ALJ's opinion makes clear that some weight was accorded to Plaintiff's complaints of pain and other limitations, but other evidence convinced the ALJ that the impairment was not as severe as reported by Plaintiff, nor severe

enough to preclude Plaintiff's return to past relevant work.

After consideration of the whole record, the Court finds that the ALJ's failure to specifically state the weight accorded to the evidence of side effects of medication is a harmless error. After consideration, the Court **overrules** Plaintiff's objection as to this issue.

2. Side Effects of Medication - Plaintiff's Ability to Work

An ALJ always has the duty to develop a full and fair record, i.e. to explore the relevant facts. When a claimant is not represented by counsel, this duty rises to the level of a special duty. When a claimant is represented by counsel, clear prejudice must be shown before a remand is required to allow the submission of additional relevant evidence or to close an evidentiary gap. In this case, Plaintiff Luis Colon can provide no further evidence.

The Court notes that, in this case, the ALJ acknowledged he did not have all the evidence at the time of the hearing (A.R. 476). The ALJ held the record open to receive additional evidence Plaintiff wished to submit. (A.R. 477). In addition, at the hearing the ALJ afforded Plaintiff's counsel the opportunity to ask additional questions, but counsel did not pose any questions focused on side effects of medication, and the impact of those side effects on Plaintiff's work activities (A.R. 477).

After consideration, the Court finds that the ALJ did not err in failing to inquire further as to side effects of medication at the hearing. Pilnick v. Commissioner of Social Security, 2007 WL 3122168 at *1 (11th Cir. Oct. 26, 2007).

The Court notes that the opinion of the ALJ misstates the testimony of the Vocational Expert. At step 4 of the sequential analysis, a plaintiff must establish that he cannot return to past relevant work as he performed it, or as it is generally performed in the national economy. In this case, the Vocational Expert categorized Plaintiff's past relevant work and testified as to the physical and mental requirements of those jobs. (A.R. 471).

The use of a vocational expert at step 4 of the sequential analysis is discretionary. See 20 C.F.R. Secs. 404.1560(b)(2); 416.960(b)(2). In his opinion, the ALJ states: "[I]n comparing the claimant's residual functional capacity with the physical and mental demands of the work performed, the undersigned finds that the claimant was able to perform it as actually and generally performed." If a plaintiff can perform the duties and meet the physical demands of the occupation as he practiced it in his specific past position, he can be found able to return to that occupation. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986); SSR 82-61. Plaintiff testified that in his employment as a gas station attendant, Plaintiff was required only to pump gas.

The Court finds that the opinion of the ALJ was supported by substantial evidence in the record as a whole. The Court **overrules** Plaintiff's objection as to this issue.

3. Good Cause

The opinion of the ALJ was entered on December 31, 2007. On February 29, 2008, Plaintiff submitted additional evidence to the Appeals Council in support of Plaintiff's Request for Review (A.R. 437-461. The Appeals Council considered the additional evidence submitted by Plaintiff, but denied Plaintiff's Request for Review because the Appeals Council found the information did not provide a basis for changing the ALJ's decision (A.R. 4-5).

In the Report and Recommendation, the Magistrate Judge found the documents submitted to the Appeals Council were not new and material evidence, and Plaintiff did not demonstrate good cause for not introducing the evidence sooner. The Magistrate Judge considered Plaintiff's evidence under cases involving a "sentence six" remand.

Under 42 U.S.C. Sec. 405(g), there are two different types of remand available, "sentence four" and "sentence six." Under "sentence four," the Court may affirm, modify or reverse the decision of the Commissioner, with or without a remand. A "sentence four" remand results from an error of the Commissioner. The Court enters a final judgment, and may remand for further proceedings.

A "sentence six" remand is available to a claimant when new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at the original hearing. This type of remand does not result from an error of the Commissioner. At the time of remand, the Court does not enter a final judgment, but retains jurisdiction over the case.

A "sentence six" remand is not a final judgment. After the new material is presented at the administrative level, the claimant may return to the Court for entry of a final judgment.

A "sentence four" remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Ingram v. Commissioner of Social Security Admin., 496 F.3d 1253, 1269 (11th Cir. 2007). Under a sentence four remand, when a claimant has submitted information for the first time to the Appeals Council, a claimant is not required to show good cause. Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991).

After consideration, the Court **sustains** Plaintiff's objection to the R & R, and finds that it is not necessary for Plaintiff to establish good cause.

4. "New" Evidence

Given the posture of this case, the Court interprets "new" to mean "not previously submitted" to the ALJ. 20 C.F.R. 404.976.

After consideration, the Court **sustains** Plaintiff's objection as to this issue.

5. "Material" Evidence

Plaintiff argues that the Appeals Council did not apply the correct legal standards and did not make the correct determination when it denied review. Plaintiff Catherine Colon submitted Pharmacy Information Sheets on the medications taken by

Plaintiff's decedent, Luis Colon, and identified the side effects for each medication by underlining the side effects. Plaintiff argues:

> "Mrs. Colon confirmed which side effects her husband had experienced prior to his death by underlining them on the Pharmacy Information Sheets."

> "The new evidence also consisted of a page from the Physicians' Desk Reference which provided additional corroboration to Mr. Colon's statement, Mrs. Colon's statement and the Pharmacy Information Sheets...."

The Appeals Council considered the additional evidence by submitted by Plaintiff. The question is whether the Appeals Council came to the correct conclusion in denying review after that consideration.

The additional information provided to the Appeals Council establishes only that: 1) Plaintiff Colon obtained a prescription for Ibuprofen 600 mg. on 6/29/2007; 2) Plaintiff Colon obtained a prescription for Gabapentin 300 mg. on 6/29/2007; 3) certain side effects are associated with medications prescribed for Plaintiff Luis Colon.

The evidence submitted by Plaintiff Colon is cumulative and does not change the result in this case. To the extent that Plaintiff intended the information from Mrs. Colon to support the prior testimony of Plaintiff Luis Colon, the testimony is not presented under oath, or signed under penalty of perjury. Based

on the record, the Court's understanding is that the decedent was separated from his wife, Catherine Colon, for three years, and Plaintiff's children resided in Lakeland, FL, with Mrs. Colon. (A.R. 341, A.R. 410). It does not make sense that the decedent's wife, with whom he did not reside, could provide detailed observations of side effects suffered by Plaintiff on a daily basis which she personally observed, when Plaintiff Luis Colon himself did not complain about the same side effects. The Court has already found that there was very little direct testimony by Plaintiff Luis Colon as to side effects. The additional evidence is confirmation and corroboration of a very limited amount of testimony by Plaintiff Luis Colon as to side effects of medication. The probative value of the additional evidence was slight.

If there was any error in application of legal standards by the Appeals Council, that error was harmless. The Court finds that the Appeals Council did not err in its conclusion. After consideration, the Court **overrules** Plaintiff's objection as this issue. Accordingly, it is

**ORDERED** that Plaintiff's Objections are **sustained** in part and **overruled** in part as set forth above. The Court therefore **adopts and incorporates** the Report and Recommendation in part. The Court **affirms** the decision of the Commissioner. The Clerk of Court shall enter a final judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and close this case.

Case No. 8:08-1191-T-17TEM

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of September, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record